JOHN H. DUNHAM ET AL., EXECUTORS, ETC.,

V.

MATHEW LAFLIN.

*Bill for Accounting--Cross-Bill--Trust Funds.*

Upon a bill for an accounting, the adjustment of rights and claims and division of certain trust funds, the proceeds of the interest of the parties in a corporation of which they were the promoters, this court holds that the evidence sustains the decree of the court below.

[Opinion filed December 14, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. JOHN C. BAGBY, Judge, presiding.

Mr. E. J. WHITEHEAD, for John H. Dunham, appellant.

Messrs. McCAGG & CULVER, for D. R. Holt et al., appellants.

Mr. JOHN WOODBRIDGE, for appellee.

*Per Curiam.* This was a bill in chancery brought in the court below some time in 1860, by appellee Laflin against appellants Dunham and Holt, and Solomon A. Smith, who died pending the suit, and his personal representatives were substituted as parties.

It appears that October 5, 1858, the said Laflin, Dunham, Holt and Smith organized a corporation known as the Illinois Stone Coal & Mining Company, with a capital stock of $16,000, divided into 160 shares of $100 each, of which Laflin and Dunham each owned forty shares, and Holt and Smith each owned thirty-nine shares, and that the other two shares were owned by other parties; that Laflin was the president and financial manager and Holt the treasurer; that although the business of the corporation was reasonably prosperous, yet differences

and ill-feelings arose between some of the shareholders above named, so that they resolved to dispose of all their interests in the corporation and divide the proceeds ratably between themselves; that April 18, 1860, Laflin, Dunham, Holt and Smith sold all their shares and interest in the corporation for the sum aggregate of $31,000, each one receiving only part payment, the remainder being notes, city script and city lot, situate in Carpenter's subdivision in West Chicago, and money. By means of that transaction there came into the hands of Laflin funds aggregating as he claimed only $2,339, and into the hands of said Holt the sum of $13,136.13, which they at that time respectively held in trust for the several parties in interest; that the parties being unable to come to a settlement between themselves, by agreement or compromise, Laflin brought his bill, as above stated, for an accounting, adjustment of rights and claims, and division of the funds so held in trust. The defendants to the original filed a cross-bill against Laflin charging him with having undisclosed funds in his hands and with various breaches of duty while acting as such president as aforesaid, and with reference to the disposition not only of the stock but of the assets of said corporation. Answers and replications were filed and March 24, 1884, the case was referred to a master who, after taking the evidence, made an elaborate report in which he found that Laflin had in his hands of said funds and assets the sum of $1,900 in addition to said sum of $2,339, and held him chargeable therewith, and also held him responsible for preventing a settlement between the parties by insisting upon invalid claims in his favor, which conduct on his part affected the question of his right to be allowed interest or to have interest charged against Holt. Upon exceptions to the master's report made on behalf of Laflin, the chancellor found, in substance, that Laflin did not have in his hands any sum in addition to said sum of $2,339; that the failure of the parties to effect a voluntary settlement was not due to his conduct more than to that of the other parties; that Holt having received more than at the rate of six per centum per annum of interest on the funds in his hands, was justly chargeable with interest thereon at the rate

of six per centum per annum, and January 2, 1886, a final decree passed, fixing the amount to be paid to, and by each of the respective parties, upon the basis aforesaid. From that decree Dunham, Holt and the legal representatives of Solomon A. Smith, deceased, prosecute this appeal.

In this court the case is narrowed down to the questions: 1. Whether or not Laflin, at the time of the transaction above alluded to, had in his hands the sum of $1,900 in addition to said sum of $2,339. 2. The question as to interest as affected by or dependent upon the alleged misconduct of Laflin in defeating a voluntary settlement between the parties.

We have attentively read the very elaborate statements and arguments of the respective counsel and duly considered them, with all the material evidence. The conclusion to which we have been brought is that, eliminating the incompetent testimony introduced on behalf of the appellants, the evidence fairly warrants the finding of the chancellor, that Laflin did not have in his hands said sum of $1,900 or any other sum in addition to said $2,339; that the failure in the matter of a voluntary settlement is not shown to have been the result of misconduct on the part of Laflin in such manner and degree as to affect the question of allowing or charging interest; and that the decree of the chancellor in that respect is substantially correct.

We find it wholly impracticable, on account of pressure of business, to give a more minute statement of the case or evidence, or to enter upon a discussion of the latter.

The points made against the decree not being sustainable upon the record, the decree will be affirmed.

*Affirmed.*